IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-12297 MER |
| STEVEN LEE MAXEY ) | |
| DEBRA WADE MAXEY ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | |
| ANIMAL HOSPITAL OF COLORADO, ) | |
| P.C. and ERIC BOEHMER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| STEVEN LEE MAXEY ) | |
| DEBRA WADE MAXEY ) | |
| ) | Signed/Docketed |
| Defendants. ) | January 13, 2012 |

**ORDER**

THIS MATTER comes before the Court on the *Amended Partially Unopposed Motion for Extension of Time to File an Adversary Complaint* filed by creditors Animal Hospital of Colorado, P.C. and Eric Boehmer (the "Movants") and the response filed by Steven Lee Maxey and Debra Wade Maxey (the "Debtors").

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I) and (J) as it concerns the administration of the estate, a determination as to the dischargeability of a particular debt and an objection to discharge.

**BACKGROUND FACTS**

On February 9, 2011, the Debtors filed their voluntary petition for Chapter 7 bankruptcy relief. Prior to the bankruptcy filing, Debtors and the Movants were parties to a state court law suit, *Boehmer, et al v. Maxey*, 2010 CV 46, in the Broomfield County District Court (the "State Court Action"). The bankruptcy case was filed as a "deficient case." The Statement of Financial Affairs, Schedules, Statement of Intent, and

Statement of Current Monthly Income were not filed until February 23, 2011. On March 3, 2011, the Movants filed their first *Motion for Order Authorizing Records Examination and Production of Documents Pursuant to Fed. R. Bankr. P. 2004, and L.B.R. 2004* (the "First 2004 Motion").[1] Through the First 2004 Motion, the Movants sought production of the Debtors' records and documents from Guaranty Bank and Trust Company, Click Sales, Inc., and Paypal, Inc. The Court granted the First 2004 Motion on March 8, 2011[2] and the Movants served a subpoena on each business entity on March 21, 2011.[3] The Debtors' meeting of creditors was scheduled for March 7, 2011, but continued to March 29, 2011.[4]

On April 8, 2011, the Movants filed a second *Motion for Order Authorizing Records Examination and Production of Documents Pursuant to Fed. R. Bankr. P. 2004, and L.B.R. 2004* (the "Second 2004 Motion").[5] Through the Second 2004 Motion, The Movants sought authorization to examine Susan Senter-Reed and allowing the Movants to subpoena records from Susan Senter-Reed, MuttSavers Rescue, Inc., and Mutts and Manners Academy, Inc. The Court granted the Second 2004 Motion on April 18, 2011.[6] Counsel for the Movants acknowledged receipt of the subpoened documents (from the First and Second 2004 Motions) during the months of March and April, 2011.

On May 6, 2011, the deadline to file a Complaint pursuant to §§ 523 and 727, The Movants filed a *Partially Unopposed Motion for Extension of Time to File an Adversary Complaint*.[7] The Movants state the Debtors did not oppose an extension of the deadline to file a complaint pursuant to § 727, but did oppose any extension of the deadline to file a complaint pursuant to § 523. However, the Movants requested an extension of both deadlines for a period of two weeks, until May 20, 2011, for two reasons. First, the Movants stated the parties were actively discussing a potential settlement agreement in this matter. Second, the Movants stated they had just

---

[1] Movants' Exhibit 5 (the First 2004 Motion).

[2] Movants' Exhibit 8 (Order dated March 8, 2011).

[3] The Movants had previously sought such information in the State Court Action, as evidenced by the Movants' Exhibit 2 (subpoena duces tecum to Guaranty Bank and Trust Company dated February 4, 2011 - five days prior to the bankruptcy filing).

[4] Movants' Exhibit 6 and 7.

[5] Movants' Exhibit 12 (the Second 2004 Motion).

[6] Movants' Exhibit 15 (Order dated April 18, 2011).

[7] Movants' Exhibit 24. The motion was redocketed on May 10, 2011 to reflect the correct filing event (see Docket #31 and #33).

completed a Rule 2004 examination of a witness on May 5, 2011 and needed additional time to obtain and analyze the transcript from such examination in order to determine whether to commence an adversary proceeding.[8]

On May 19, 2011, the Movants filed an *Amended Partially Unopposed Motion for Extension of Time to File an Adversary Complaint* (the "Motion to Extend").[9] The Motion to Extend was amended to provide a L.B.R. 9013.1 Notice with an objection period of June 3, 2011. The Movants requested the deadline to file a complaint under §§ 523 and 727 be extended until fourteen days following the issuance of any Order allowing such extension.

On May 20, 2011, the Debtors filed a *Response in Opposition to Eric Boehmer and Animal Hospital of Colorado, P.C.'s Amended Partially Unopposed Motion for Extension of Time to File an Adversary Complaint* (the "Response").[10] The Debtors noted they originally stated they would not oppose a motion for extension of time to file a complaint under § 727, only through May 20, 2011, and have never consented to an extension of the § 523 deadline. Debtors assert the Movants' underlying state court litigation against them, pending prior to the bankruptcy case, asserted no causes of action which would support any § 523 claims. Debtors believe the Movants reasons for an extension are insufficient to extend the deadlines.

The Movants' counsel filed a certificate of contested matter on June 3, 2011.[11] On July 8, 2011, the Court set this contested matter for a preliminary hearing on August 9, 2011. On July 21, 2011, the Debtors requested the matter be continued due to counsel being out of the office. The Court granted the request and rescheduled the preliminary hearing for August 30, 2011. At the preliminary hearing, the matter was set for an evidentiary hearing on September 26, 2011. The Court took the matter under advisement at that time and is now prepared to rule.

## DISCUSSION

The parties agree the deadline to file a complaint to deny discharge pursuant to § 727 or to determine the dischargeability of a particular debt pursuant to § 523 was May

---

[8] At the time of the evidentiary hearing on September 26, 2011, the Movants' counsel stated he had since received a copy of the examination transcript and believes there are grounds to file a complaint under § 523. The Movants' counsel also stated he was prepared to file the complaint the next day if the Motion to Extend were granted.

[9] Movants' Exhibit 25 (Motion to Extend).

[10] Movants' Exhibit 27 (Response).

[11] Debtors' Exhibit A. Debtors' counsel maintained the Movants did not make a good faith effort to resolve the matter prior to the filing of the certificate of contested matter.

6, 2011. Pursuant to FED. R. BANK. P. 4004 and 4007, the deadlines to file a § 727 complaint to deny discharge and a § 523 complaint to determine the dischargeability of a particular debt may only be extended "for cause." Thus, the Court must determine, under the facts of this case, whether the Movants have established "cause" for the requested extension.

At the evidentiary hearing, both parties discussed this Court's opinion in *In re Stonham*, 317 B.R. 544 (Bankr. D. Colo. 2004). This Court's discussion in *Stonham* is applicable to the case at hand and bears repeating:

> A discharge is the most important element of any debtor' fresh start. H.R.Rep. No. 95–595, at 128 (1977), U.S.Code Cong. & Admin. News, 1978 pp. 5963, 6089; *See Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). As a result, debtors have a strong interest in the prompt resolution of discharge issues. *In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996).
>
> The standards for adjudicating a creditor's request for an extension of time to file a complaint objecting to the dischargeability of a particular debt are not clearly established in the applicable rules of bankruptcy procedure. FED. R. BANKR. P. 4007(c) provides only that the time deadline for the filing of a § 523 complaint may be extended "for cause." The only other requirement is that "[t]he motion shall be made before the time is expired." "Cause" is not defined and the determination is committed to the Court's discretion. *In re Farhid*, 171 B.R. 94, 96 (N.D. Cal. 1994).
>
> In this district, the only published opinion directly addressing the issue is nearly twenty years old. *See In re Knobel*, 54 B.R. 458 (Bankr. D. Colo. 1985). In that case, Judge Clark stated:
>
>> The Court in *In re Kellogg*, 41 B.R. 836 (Bankr. W.D. Okla. 1984) ruled that an "extension should be granted liberally absent a clear showing of bad faith." 41 B.R. 838. Other courts still use two of the factors considered under the excusable neglect standards: (1) whether granting the delay will prejudice the debtor, and (2) the length of the delay and its impact on efficient court administration. *In re Sturgis*, 46 B.R. 360 (Bankr. W.D. Okla. 1985). *In re Magouirk*, 693 F.2d 948 (9th Cir.1982).
>
> *Knobel*, 54 B.R. at 461. Stonham suggests that the *Knobel* case no longer reflects the majority position on the issue. Many courts now require the creditor to establish at least a reasonable degree of due diligence to be

accorded the requested extension. *See, e.g., In re Nowinski*, 291 B.R. 302, 306 (Bankr. S.D. N.Y. 2003); *In re Desiderio*, 209 B.R. 342, 345 (Bankr. E.D. Pa. 1997). This Court agrees. . . .

Thus, if FED. R. BANKR. P. 4007 states that "cause" must be demonstrated, then the Court does not agree that the movant's burden of proof can be satisfied with only a scintilla of evidence. . . .

Numerous courts have identified factors which may be considered. However, the determination of "cause" by its very nature is fact driven and thus, must be analyzed on a case by case basis.

> Some of the enunciated factors include: (1) whether the Debtor refused in bad faith to cooperate with the creditor, *See In re Benedict*, 90 F.3d 50, 55 (2nd Cir.1996); (2) whether the creditor had sufficient notice of the deadline and the information to file an objection, *See Santana Olmo v. Quinones Rivera,* 184 B.R. 178, 183 (D. P.R. 1995); (3) the possibility that the proceedings pending in another forum will result in collateral estoppel on the relevant issues. *See In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D. N.Y. 1999); (4) whether the creditor exercised diligence, *See In re Farhid,* 171 B.R. at 97; *In re Grillo*, 212 B.R. at 747; *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D. N.Y. 1996); and (5) the complexity of the case, *See In re Leary*, 185 B.R. 405, 406 (Bankr. D. Mass. 1995).[12]

In the case at hand, the Court finds the length of the requested extension is reasonable. Although several months have passed since the original Motion to Extend was filed, the Movants only requested a brief two week extension. That the decision has been put off due to the objection period, preliminary hearing, evidentiary hearing and the matter being taken under advisement is not delay caused directly by the Movants. Thus, the Court finds the requested extension time period was reasonable, not prejudicial to the Debtors and has not negatively impacted the efficient administration of this case.

The Court also finds the Movants have acted with a reasonable degree of due diligence. The facts of this bankruptcy case suggest much of the delays in this case were caused, at least in part, by the Debtors, including the filing of a deficient case and the continuance of the meeting of creditors. Additionally, one of the stated purposes of the Motion to Extend was to eliminate the time and cost of initiating an adversary

---

[12] *In re Stonham*, 317 B.R. at 546-548.

proceeding if the parties were going to be able to reach a settlement agreement. Finally, the Court finds the Movants diligently investigated their claims in a timely fashion as is evidenced by the two Rule 2004 motions on file.

The Court does not find the parties' arguments concerning whether there was, or was not, an agreement regarding any extension of these deadlines to be particularly relevant or determinative. Likewise, the Court has not based this decision on the parties' arguments concerning the merits of what the Movants' claims may be in any complaint to be filed under §§ 523 or 727. While the merits of the claims or a *res judicata* argument may be relevant to a motion to dismiss, a motion for summary judgment, or a motion for sanctions, they are not relevant to whether the Movants' have established cause under FED. R. BANK. P. 4004 and 4007.

As with the movants in *Stonham*, it is clear the Movants here did not "sit on their hands" in the time between the filing of the bankruptcy petition and the date they filed the Motion to Extend was filed. Thus, this Court concludes the Movants have acted diligently and have requested a reasonable extension, and in so doing, having satisfied their burden to establish cause for the requested extension.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED the *Amended Partially Unopposed Motion for Extension of Time to File an Adversary Complaint* filed by creditors Animal Hospital of Colorado, P.C. and Eric Boehmer Eric is hereby GRANTED.

IT IS FURTHER ORDERED Animal Hospital of Colorado, P.C. and Eric Boehmer shall have fourteen days from the date of this Order to file a complaint pursuant to §§ 523 and/or 727 (on or before January 27, 2012). In light of the passage of time in this matter, no further extensions of time will be granted.

Dated: January 13, 2012             BY THE COURT:

_____
Michael E. Romero
United States Bankruptcy Judge